# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LACOLE HERRON, | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-17-01103-M |
| v. | ) |
| ENTERGY ARKANSAS, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Entergy Arkansas, Inc., ("EAI") Entergy Services, Inc., ("ESI") and Entergy Corporation's (collectively "defendants") Motion to Dismiss for Lack of Personal Jurisdiction, filed December 20, 2017. On January 9, 2018, plaintiff filed her response, and on January 16, 2018, defendants filed their reply. Upon review of the parties' submissions, the Court makes its determination.

I. Introduction

Plaintiff—an Oklahoma resident—originally filed this action against defendants on October 12, 2017, alleging, *inter alia*, violations of the Fair Credit Reporting Act ("FCRA"). Specifically, she alleges that defendants furnished inaccurate information on her credit reports, and once notified, failed to promptly address her complaints. Defendants thereafter moved to dismiss plaintiff's claims against them, arguing that this Court does not have personal jurisdiction over them.

In their motion, defendants contend that they are distinct corporate entities—none of which have Oklahoma ties. Plaintiff claims, however, that defendants are all operating under the name Entergy, which has sufficient Oklahoma ties. She further asserts that defendants have directed their allegedly harmful conduct toward her with knowledge of her Oklahoma residency. In

response, Defendants claim they have had no reason to know plaintiff was an Oklahoma resident, and that none of her allegations involve intentional conduct directed toward Oklahoma.

II. Discussion

When a court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists. *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995). In the preliminary stages of litigation, however, the plaintiff's burden is light. *Doe v. Nat'l Med. Servs.,* 974 F.2d 143, 145 (10th Cir. 1992). Where, as here, a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998); *Wenz,* 55 F.3d at 1505. When evaluating the prima facie case, all factual disputes must be resolved in favor of the plaintiff in determining whether he has made the requisite showing. *Wenz,* 55 F.3d at 1505.

To demonstrate personal jurisdiction over a nonresident defendant, a plaintiff must satisfy the requirements of the forum's long arm statute—as well as the federal Constitution. *Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir. 1990). Oklahoma's long arm statute is coextensive with the constitutional limitations imposed by due process. *Rambo v. American S. Ins. Co.,* 839 F.2d 1415, 1416-17 (10th Cir. 1988). Therefore, if jurisdiction is consistent with due process, Oklahoma's long arm statute authorizes jurisdiction over a nonresident defendant. Due process requirements are satisfied when personal jurisdiction is asserted over a nonresident corporate defendant that has "certain minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985).

Minimum contacts may be demonstrated by showing a defendant's contacts with the forum warrant the exercise of either general or specific jurisdiction. A state's exercise of general jurisdiction over a foreign defendant is appropriate when the defendant's "affiliations with the State

are so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A defendant is sufficiently considered at home in the forum state when it either: (1) is incorporated in the state, or (2) considers the state its principal place of business. *Id*. at 924. The determination regarding a defendant's principal place of business "does not hinge on one particular facet of corporate operations" but is based on a variety of factors—including "the location of the corporation's nerve center, administrative offices, production facilities, employees, etc." *Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.,* 415 F.3d 1158, 1162 (10th Cir. 2005). The general jurisdiction test is notably more stringent than that for specific jurisdiction. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1080 (10th Cir. 2004).

Where general jurisdiction is lacking, however, courts may exercise specific jurisdiction if "the nonresident defendant purposefully directed its activities at the forum state." *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1071 (10th Cir. 2008). Purposeful direction exists when there is "an intentional action . . . expressly aimed at the forum state . . . with [the] knowledge that the brunt of the injury would be felt in the forum state." *Dudnikov,* 514 F.3d at 1072. Also, a plaintiff's injuries must arise out of defendant's forum-related activities." *Id.* at 1071 (internal quotations and citations omitted). Moreover, the relationship between a defendant and the forum state "must arise out of contacts that the defendant himself creates with the forum State," and those contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there," such as a plaintiff. *Walden v. Fiore,* 571 U.S. 277, 284 (2014) (internal quotations and citations omitted). Thus, "a plaintiff's contacts with the forum State cannot be decisive in determining whether the defendant's due process rights are violated." *Id.* at 1119 (internal quotations and citations omitted).

Having carefully reviewed the submissions of both parties, and applying the principles established above, the Court finds that plaintiff has failed to demonstrate a prima facie case for either general or specific personal jurisdiction over defendants. First, the Court finds that it lacks general jurisdiction over defendants. In asserting general jurisdiction exists, plaintiff claims that (1) defendant EAI owns a company selling utility service in Oklahoma and (2) EAI has been involved in at least two Oklahoma lawsuits over the past twenty years. Even if these statements are true, however, plaintiff failed to establish that Oklahoma is EAI's principal place of business.[1] The mere fact that EAI owns an Oklahoma business is insufficient to meet this standard. Therefore, the Court finds plaintiff has failed to carry her burden of establishing a prima facie case that Oklahoma is the principal place of business for any of the defendants. Accordingly, the Court finds that it lacks general jurisdiction over defendants.

The Court further finds that it lacks specific jurisdiction over defendants. Notably, this test focuses on a defendant's contacts with the state itself—its contacts with plaintiff are not conclusive. Moreover, plaintiff's injuries must arise out of defendant's forum-related activities. In asserting specific jurisdiction exists, plaintiff has largely focused on defendants' contact with plaintiff—not Oklahoma. Further, she has not alleged that her injuries are the result of EAI's ownership of an Oklahoma utility company, or its participation in lawsuits in Oklahoma. Thus, the Court finds plaintiff has failed to carry her burden here as well, and the Court finds that it lacks specific jurisdiction over defendants.

Finally, plaintiff has requested leave to amend, to the extent this Court grants any part of defendants' motion. Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a

---

[1] It is true that plaintiff could also demonstrate general jurisdiction by showing that defendants are incorporated in Oklahoma. Yet, plaintiff has alleged that all defendants are non-Oklahoma corporations, and has not argued otherwise in response to this motion.

party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Here, the Court, finds that any attempt to by plaintiff to amend her complaint would be futile. Accordingly, the Court denies plaintiff's request to for leave to amend her complaint.

### III. Conclusion

For the reasons set forth above, the Court GRANTS Defendants Entergy Arkansas, Inc., Entergy Services, Inc., and Entergy Corporation's Motion to Dismiss for Lack of Personal Jurisdiction [docket no. 32].

**IT IS SO ORDERED this 4th day of September, 2018.**

*[Signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE